IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY SCOTT HARRIS, #1347466, ) | |
|       Petitioner, ) | |
| ) | |
| v. ) | 3:08-CV-2057-D |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|       Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for writ of habeas corpus filed by a federal prisoner. Petitioner initially filed this action on the form for filing a motion to vacate sentence under 28 U.S.C. § 2255. By order dated November 19, 2008, the court construed the § 2255 motion as a habeas corpus petition pursuant to 28 U.S.C. § 2241.

Parties: Petitioner, a former federal prisoner, is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), at the Dalhart Unit in Dalhart, Texas. The court has not issued process in this case, pending preliminary screening.

Statement of the Case: On November 4, 2002, Petitioner was sentenced to 13 months imprisonment, a 3-year term of supervised release, and restitution in the amount of $13,076.47 for theft of stolen mail. *See United States v. Harris*, 3:02cr166-D(01) (N.D. Tex., Dallas Div.).

In 2005, while serving his supervised release term, Petitioner was convicted in state court for the offense of possession of a firearm by a felon. (Memorandum in Support at 1). He was sentenced to fifteen years imprisonment, for which he is presently incarcerated within TDCJ. *Id.*[1]

On Feb. 13, 2006, a supervised release violator's warrant was issued and filed under *seal* in his federal criminal case No. 3:02cr166-D. Subsequently, a detainer was lodged with TDCJ. *See* attachments to Petitioner's Memorandum in Support. No further action has been taken as of the date of this recommendation with respect to the supervised release violator's warrant.

In this action, Petitioner asserts that he has been denied his constitutional due process rights under the Fifth Amendment. He complains that he has been given neither a hearing nor an opportunity to present evidence on the "revocation of his supervised release." He also states that counsel was never appointed. (Petition at 7). He requests that the court "grant Petitioner the time that he has been incarcerated (beginning with February 9, 2006) to be credited towards his three-year [federal] supervised release term." (Memorandum at 9).

<u>Findings and Conclusions:</u> In *Moody v. Daggett*, 429 U.S. 78, 86, 97 S.Ct. 274, 278 (1976), the Supreme Court held that a federal parolee, imprisoned for a crime committed while on parole, was not constitutionally entitled to a prompt parole revocation hearing when a parole violator warrant was issued and lodged with the institution of his confinement but not served on him. The right to a revocation hearing accrues only once the parole revocation warrant has been executed, and the petitioner has been taken into federal custody. *Id.* at 87, 97 S.Ct. at 280 ("we established execution of the warrant and custody under that warrant as the operative event

---

[1] In 2005, Petitioner was indicted in federal court for unlawful possession of a firearm by a felon. The charge was dismissed later that year. *United States v. Harris*, 4:05cr102-A(N.D. Tex., Fort Worth Div.).

triggering any loss of liberty attendant upon parole revocation.")

The Fifth Circuit has extended the above reasoning to a supervised release violator's warrant lodged as a detainer with the institution of confinement, such as in this case. *See United States v. Tippens*, 39 F.3d 88, 89-90 (5th Cir. 1994) (applying *Moody* in the context of a supervised release violator's warrant, and holding that 30-month delay between issuance and execution of violator's warrant did not deprive petitioner of Sixth Amendment speedy trial rights or Fifth Amendment due process rights). Accordingly, the District Court should deny Petitioner's request for a speedy disposition of his supervised release violator's warrant.

A colorable claim may be asserted, however, when an inmate claims that delay in the execution of the warrant may prejudice his ability to contest the issue of whether he committed a violation of his supervised release or parole. *See e.g. United States v. Fisher*, 895 F.2d 208, 211 (5th Cir. 1990). Petitioner makes no such claim or showing in his petition. Indeed his petition shows that the violator's warrant was issued because he was convicted and sentenced on a subsequent criminal offense. Therefore, neither credibility nor loss of witness issues appear to be in question.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DENIED and DISMISSED.

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 27th day of January, 2009.

                                                WM. F. SANDERSON, JR.
                                                UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.